ORIGINAL
OCT 08 1998

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 7 1998
NANCY DOHERTY, CLERK
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRANVER TOLLIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:98-CV-1925-D |
| VS. | § | |
| | § | |
| CITY OF MESQUITE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Granver Tolliver ("Tolliver") sues defendant City of Mesquite (the "City"), contending that it is liable for race discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and on the basis of a pendent state-law claim of intentional infliction of emotional distress. The City moves to dismiss the intentional infliction claim pursuant to Fed. R. Civ. P. 12(b)(6). The court grants the motion.

Tolliver applied for employment with the Mesquite Police Department, which declined to hire him. The City asserts that the claim does not fall within any of the exceptions to municipal immunity found in the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-101.109 (West 1997).

The City is a governmental unit under Texas law, Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (West Supp. 1998), and is therefore entitled to sovereign immunity. *See State v. Terrell*, 588 S.W.2d 784, 785-86 (Tex. 1979). The doctrine of sovereign immunity protects a governmental unit from liability unless there has been a clear waiver of immunity. *See Townsend v. Memorial Med. Ctr.*, 529 S.W.2d 264, 267 (Tex. Civ. App. 1975, writ ref'd n.r.e.) ("Governmental

ENTERED ON DOCKET
OCT - 8 1998 PURSUANT
TO F. R. C. P. RULES
58 AND 79a

immunity is ... the rule where the [TTCA] does not apply"). The TTCA waives sovereign immunity in certain limited circumstances. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (establishing liability of governmental unit for certain types of claims), and § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."). Although the Texas legislature has waived the City's immunity for damages arising from its governmental function of operating its police department, *id.* § 101.0215(a)(1) (West Supp. 1998), this waiver of immunity does not apply to intentional torts, *id.* § 101.057(2) (stating that waiver of immunity does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort"). Intentional infliction of emotional distress is an intentional tort. *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993). Because immunity has not been waived, Tolliver's state-law claim of intentional infliction of emotional distress must be, and is, dismissed with prejudice.

**SO ORDERED.**

October ___7___, 1998.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE